**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
CASE NO.:

**SHAN SHAN SU**
Plaintiff,

v.

**BROWARD COUNTY, FLORIDA,**
**a political subdivision of the State**
**of Florida,**
Defendant.

______________________________

**COMPLAINT**
**(JURY TRIAL DEMANDED)**

Plaintiff, SHAN SHAN SU**,** by counsel, sues the Defendant, BROWARD COUNTY, FLORIDA, and for her Complaint alleges:

PARTIES

1. Plaintiff, SHAN SHAN SU ("SU"), is a female citizen of the United States and a resident of Broward County, Florida. She is of Chinese ancestry and was employed by BROWARD COUNTY as an Accountant Senior. She also suffers from a documented and recognized disability which BROWARD COUNTY recognized and purported to accommodate and as such, she is a qualified individual with a disability.

2. Defendant, BROWARD COUNTY, is a political subdivision of the State of Florida and an "employer" as defined by Title VII of the Civil Rights Act of 1991, the Florida Civil Rights Act of 1992, and the Americans With Disabilities Act ("ADA").

3. BROWARD  COUNTY is a recipient of federal funds under the the Rehabilitation Act of 1973 ("Rehabilitation Act").

4. BROWARD COUNTY employs approximately six thousand (6,000) people throughout several departments, offices, and divisions.

## JURISDICTION AND VENUE

5. The Court has jurisdiction pursuant to 28 U.S.C. 1331 and §1337 as this action arises under federal law. The Court has supplemental jurisdiction over the FCRA claim pursuant 28 United States Code §1967.

## GENERAL ALLEGATIONS

*Director Susan Friend 2012-2017*

6. SU began working for BROWARD COUNTY in March, 1995 and was continuously employed for twenty-seven years (27) until February 28, 2022 when she was wrongfully terminated. At the time of her discharge, her title was Accountant Senior.

7. During the period of 2012 through 2017, Friend, supervisor and director, engaged in a pattern of racial harassment against Plaintiff.

8. Friend’s animus included, but was not limited to, the following:

- Susan Friend said many times to Plaintiff that she did not speak and write English correctly and did not understand English.
- Susan Friend told her that she was like her other Chinese friend - she does not understand English and she can’t write English and speak English.

- Friend told Plaintiff that she should go back to where she came from, "you don't belong here, you should leave. You are not going to work here." Susan Friend treated SU like her punching bag since her arrival to the Accounting Division as Director in 2012, always yelling at her, berating her, threatening her with physical harm, and blaming her for everything, even for her own personal problems.
- Friend equated not understanding and speaking English to being stupid. She was constantly calling Plaintiff stupid and using profanities.
- Other supervisors and managers in the Department followed Friend's lead and made racial gestures by using their fingers to pull up the sides of their eyes in reference to SU's Chinese slanted eyes.
- This harassment continued on a daily basis. Furthermore, Susan Friend was always blaming Su, berated her, yelled at her, threatened her, gave her unrealistic deadlines, and otherwise terrorized her.

9. Plaintiff finally filed an internal complaint over the discrimination and harassment on May 10, 2017.
10. The filing of this complaint did not produce any relief from the campaign against her. In fact, Friend and SU's direct supervisor, Lawanda Lester, intensified it.
11. Lawanda Lester told all the supervisors and managers in the office, "we're going to get Shan Shan, we're going to get Shan Shan real good, she won't know what hit her", she slammed both her hands together and said kaboom and repeated this several times. She said she's not going to know what hit her and laughed hysterically out loud with the other managers and supervisors.

12. SU became ill as a result of the intense and unrelenting discrimination and sought medical attention and psychiatric treatment.

13. Specifically, as a result of the racist mistreatment, Plaintiff had developed disabilities including anxiety, major depression, dissociation, and insomnia, and required reasonable accommodation and FMLA leave.

14. In August 2017, Plaintiff was granted twelve (12) weeks of FMLA leave and upon her return in November, 2017, the County made a Title VII determination and moved SU away from the supervision of Friend and Lester in downtown.

*Assignment to Environmental Engineering and Permitting Division November 2017-2021*

15. From November 28, 2017 through March, 2021, SU was assigned to the Environmental Engineering and Permitting Division in Plantation, Florida as part of her Title VII Transfer ADA accommodation.

16. Even away from her old department, Friend and Lester still found ways to harass SU.

17. In January, 2018, after her Accounting Division separation and the Title VII Transfer ADA Accommodation to Environmental Engineering and Permitting Division in Plantation, Florida, Susan Friend further discriminated, harassed, and retaliated against SU by giving her a negative Performance Review for the period October 1, 2016 through September 30, 2017. This review was four (4) months late and within eight (8) months of her last annual performance evaluation and required SU’s new Director, Sermin Turegun, and her Business Manager, Myrna Lopez, to review and sign off on it.

18. The ADA accommodation granted to SU on November 28, 2017, which in addition to her transfer away from Friend and Lester in downtown, provided her guaranteed working conditions and hours. Her workplace was to be in Plantation, Florida.

19. SU and other employees were also designated and authorized to work remotely when the COVID crisis hit.

20. However, BROWARD COUNTY breached its promises and accommodations by retaliating against SU transferring and returning her downtown, refusing her requests to work remotely, and mocking her disabilities and her race.

21. Plaintiff was terminated by BROWARD COUNTY on February 28, 2022.

*Fulfillment of Conditions Precedent*

22. Plaintiff filed a Charge of Discrimination against BROWARD County on March 28, 2022 before both the EEOC and the Florida Commission on Human Relations. Her charge asserted race and disability discrimination as well as retaliation.

23. On September 26, 2022, the Florida Commission on Human Relations made a determination that reasonable cause existed to believe an unlawful employment practice had occurred, namely retaliation and discrimination on the basis of race and disability. The Defendant elected not to participate in any conciliation.

24. On May 31, 2023, the Department of Justice issued a notice of Right to Sue.

## COUNT I

*Race Discrimination under Title VII*

25. Plaintiff re-alleges ¶¶ 1-24.

26. The Defendant discriminated against Plaintiff on account of her race in violation of Title VII during the time period in question and on a continuous basis until the date of her discharge on February 28, 2022.

27. This discrimination was both direct and circumstantial and included, among other things, threat of physical harm, yelling threats, promoting and making gestures demeaning to Chinese people, the willful breach of accommodations provided to her, as well as a secret plan to harass her so intense that "she would not know what hit her."

28. As a direct and proximate result of the racist environment in which she was required to work, Plaintiff sustained physical and mental injuries which are permanent and/or continuing in nature and that among these disabilities are anxiety, major depression, dissociation, and insomnia.

WHEREFORE, Plaintiff prays for the following relief:

a. Entry of a judgment for restitutionary, compensatory, and liquidated damages including, but not limited to, damages for emotional pain and suffering, anguish, injury of reputation, and loss of capacity to enjoy life;

b. Order the reinstatement of Plaintiff with full back pay and benefits or, in lieu thereof, award front pay;

c. Award Plaintiff her costs in this action, including reasonable attorneys' fees and expert fees as provided by the Title VII and the FCHR; and

d. Any other equitable relief deemed appropriate by this Court.

COUNT II

*Race Discrimination under the Florida Civil Rights Act*

29. Plaintiff re-alleges ¶¶ 1-24.

30. The Defendant discriminated against Plaintiff on account of her race in violation of the Florida Civil Rights Act during the time period in question and on a continuous basis until the date of her discharge on February 28, 2022.

31. This discrimination was both direct and circumstantial and included, among other things, threat of physical harm, yelling threats, promoting and making gestures demeaning to Chinese people, the willful breach of accommodations provided to her, as well as a secret plan to harass her so that “she would not know what hit her".

32. As a direct and proximate result of the racist environment in which she was required to work, Plaintiff sustained physical and mental injuries which are permanent and/or continuing in nature and that among these disabilities are anxiety, major depression, dissociation, and insomnia.

WHEREFORE, Plaintiff prays for the following relief:

a. Entry of a judgment for restitutionary, compensatory, and liquidated damages including, but not limited to, damages for emotional pain and suffering, anguish, injury of reputation and loss of capacity to enjoy life;

b. Order the reinstatement of Plaintiff with full back pay and benefits or in lieu thereof, award front pay;

c. Award Plaintiff her costs in this action, including reasonable attorneys' fees and expert fees as provided by the Title VII and the FCHR; and

d. Any other equitable relief deemed appropriate by this Court.

## COUNT III

*Disability Discrimination under the Florida Civil Rights Act*

33. Plaintiff re-alleges ¶¶ 1-24.

34. The Defendant discriminated against Plaintiff on account of her disability in violation of the Florida Civil Rights Act during the time period in question and on a continuous basis until the date of her discharge on February 28, 2022.

35. This discrimination was both direct and circumstantial and included, among other things, threat of physical harm, yelling threats, promoting and making gestures demeaning to Chinese people, the willful breach of accommodations provided to her, as well as a secret plan to harass her so that “she would not know what hit her”.

36. As a direct and proximate result of the hostile environment in which she was required to work, Plaintiff sustained physical and mental injuries which are permanent and/or continuing in nature and that among these disabilities are anxiety, major depression, dissociation, and insomnia.

WHEREFORE, Plaintiff prays for the following relief:

a. Entry of a judgment for restitutionary, compensatory, and liquidated damages including, but not limited to, damages for emotional pain and suffering, anguish, injury of reputation and loss of capacity to enjoy life;

b. Order the reinstatement of Plaintiff with full back pay and benefits or in lieu thereof, award front pay;

c. Award Plaintiff her costs in this action, including reasonable attorneys' fees and expert fees as provided by the Title VII and the FCHR; and

d. Any other equitable relief deemed appropriate by this Court.

COUNT IV

*Disability Discrimination under the Americans with Disabilities Act*

37. Plaintiff re-alleges ¶¶ 1-24.

38. The Defendant discriminated against Plaintiff on account of her disability in violation of the Americans With Disabilities Act during the time period in question and on a continuous basis until the date of her discharge on February 28, 2022.

39. This discrimination was both direct and circumstantial and included, among other things, threat of physical harm, yelling threats, promoting and making gestures demeaning to Chinese people, the willful breach of accommodations provided to her, as well as a secret plan to harass her so that “she would not know what hit her.

40. As a direct and proximate result of the racist environment in which she was required to work, Plaintiff sustained physical and mental injuries which are permanent and/or continuing in nature and that among these disabilities are anxiety, major depression, dissociation, and insomnia.

WHEREFORE, Plaintiff prays for the following relief:

a. Entry of a judgment for restitutionary, compensatory, and liquidated damages including, but not limited to, damages for emotional pain and suffering, anguish, injury of reputation and loss of capacity to enjoy life;

b. Order the reinstatement of Plaintiff with full back pay and benefits or in lieu thereof, award front pay;

c. Award Plaintiff her costs in this action, including reasonable attorneys' fees and expert fees as provided by the Title VII and the FCHR; and

d. Any other equitable relief deemed appropriate by this Court.

<u>COUNT V</u>

*Disability Discrimination under the Rehabilitation Act*

41. Plaintiff re-alleges ¶¶ 1-24.

42. As stated above, the Defendant accepts federal funding and as such, is subject to the provisions of the Rehabilitation Act

43. The Defendant discriminated against Plaintiff on account of her disability in violation of the Rehabilitation Act during the time period in question and on a continuous basis until the date of her discharge on February 28, 2022.

44. As a direct and proximate result of the racist environment in which she was required to work, Plaintiff sustained physical and mental injuries which are permanent and/or continuing in nature and that among these disabilities are anxiety, major depression, dissociation, and insomnia.

WHEREFORE, Plaintiff prays for the following relief:

a. Entry of a judgment for restitutionary, compensatory, and liquidated damages including, but not limited to, damages for emotional pain and suffering, anguish, injury of reputation and loss of capacity to enjoy life;

b. Order the reinstatement of Plaintiff with full back pay and benefits or in lieu thereof, award front pay;

c. Award Plaintiff her costs in this action, including reasonable attorneys' fees and expert fees as provided by the Title VII and the FCHR; and

d. Any other equitable relief deemed appropriate by this Court.

COUNT VI

*Retaliation under the Florida Civil Rights Act*

45. Plaintiff re-alleges ¶¶ 1-24.

46. The Defendant retaliated against Plaintiff on account of her engaging in protected activity including filing internal complaints of violation of law relating to race and disabilities in violation of the Florida Civil Rights Act during the time period in question and on a continuous basis until the date of her discharge on February 28, 2022.

47. This discrimination was both direct and circumstantial and included, among other things threat of physical harm, yelling threats, promoting and making gestures demeaning to Chinese people, the willful breach of accommodations provided to her, as well as a secret plan to harass her so intensely that "she would not know what hit her".

48. As a direct and proximate result of the racist environment is which she was required to work, Plaintiff sustained physical and mental injuries which are

permanent and/or continuing in nature and that among these disabilities are anxiety, major depression, dissociation, and insomnia.

WHEREFORE, Plaintiff prays for the following relief:

a. Entry of a judgment for restitutionary, compensatory, and liquidated damages including, but not limited to, damages for emotional pain and suffering, anguish, injury of reputation and loss of capacity to enjoy life;

b. Order the reinstatement of Plaintiff with full back pay and benefits or in lieu thereof, award front pay;

c. Award Plaintiff her costs in this action, including reasonable attorneys' fees and expert fees as provided by the Title VII and the FCHR; and

d. Any other equitable relief deemed appropriate by this Court.

## COUNT VII

*Retaliation under the ADA*

49. Plaintiff re-alleges ¶¶ 1-24.

50. The Defendant retaliated against Plaintiff on account of her engaging in protected activity including filing internal complaints of violation of law relating to disability discrimination in violation of the ADA during the time period in question and on a continuous basis until the date of her discharge on February 28, 2022.

51. As a direct and proximate result of the racist environment is which she was required to work, Plaintiff sustained physical and mental injuries which are

permanent and/or continuing in nature and that among these disabilities are anxiety, major depression, dissociation, and insomnia.

WHEREFORE, Plaintiff prays for the following relief:

a. Entry of a judgment for restitutionary, compensatory, and liquidated damages including, but not limited to, damages for emotional pain and suffering, anguish, injury of reputation and loss of capacity to enjoy life;

b. Order the reinstatement of Plaintiff with full back pay and benefits or in lieu thereof, award front pay;

c. Award Plaintiff her costs in this action, including reasonable attorneys' fees and expert fees as provided by the Title VII and the FCHR; and

d. Any other equitable relief deemed appropriate by this Court.

COUNT VIII

*Retaliation under Title VII*

52. Plaintiff re-alleges ¶¶ 1-24.

53. The Defendant retaliated against Plaintiff on account of her engaging in protected activity including filing internal complaints of violation of law relating to race discrimination in violation of the Title VII during the time period in question and on a continuous basis until the date of her discharge on February 28, 2022.

54. As a direct and proximate result of the racist environment is which she was required to work, Plaintiff sustained physical and mental injuries which are permanent and/or continuing in nature and that among these disabilities are anxiety, major depression, dissociation, and insomnia.

WHEREFORE, Plaintiff prays for the following relief:

a. Entry of a judgment for restitutionary, compensatory, and liquidated damages including, but not limited to, damages for emotional pain and suffering, anguish, injury of reputation and loss of capacity to enjoy life;

b. Order the reinstatement of Plaintiff with full back pay and benefits or in lieu thereof, award front pay.

c. Award Plaintiff her costs in this action, including reasonable attorneys' fees and expert fees as provided by the Title VII and the FCHR; and

d. Any other equitable relief deemed appropriate by this Court.

DEMAND FOR TRIAL BY JURY

Plaintiff, SHAN SHAN SU, demands trial by jury as to all claims so cognizable as a matter of law.

**DATED JULY 20, 2023**


BY: /s/ G. Ware Cornell, Jr.
G. Ware Cornell, Jr
Fla. Bar No.: 203920
ware@warecornell.com
**CORNELL & ASSOCIATES, P.A.**
*Counsel for Plaintiff*
2645 Executive Park Drive
Weston, Fla. 33331
T: (954) 618-1041